# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA HILL,<br><br>　　　　　　Plaintiff,<br>v.<br><br>RONALD S. HILL, et al.,<br><br>　　　　　　Defendants. | Case No. 14cv2355 BTM(BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, STRIKING PAGE 4 OF THE COMPLAINT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On October 3, 2014, Plaintiff filed a Complaint in addition to a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Request for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed, page 4 of the Complaint is stricken, and the Request for Appointment of Counsel is denied.

## DISCUSSION

I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## II. Lack of Subject Matter Jurisdiction

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Plaintiff's Complaint suffers from several defects. First of all, although Plaintiff alleges that the Court has diversity jurisdiction over this action, it is unclear that there is diversity of citizenship. Plaintiff names as defendants Ronald S. Hill, her ex-husband, as well as two limited liability companies and a partnership in which he holds interests. However, it is unclear whether the defendants are citizens of California, a circumstance which would destroy diversity.

Plaintiff alleges that Mr. Hill's principal residence is in Montana even though he has a California residence in Canyon Lake, California. (Compl. ¶ 2.) An individual's state citizenship is determined by his state of domicile, not his state of residence. Kanter v. Warner-Pamber Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. It is unclear from the Complaint where Mr. Hill is domiciled.

It is also uncertain of which state(s) the two limited liability companies and the partnership are citizens. The Ninth Circuit has held that a limited liability company, like a partnership, is a citizen of every state of which its owners/members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). There are no allegations regarding the citizenship of the members or partners of the limited liability companies and

1 partnership.

2 Even assuming diversity jurisdiction, Plaintiff's Complaint is subject to dismissal on other grounds. Plaintiff alleges that Mr. Hill breached a settlement agreement that formed the basis of stipulated judgment in her marital dissolution proceedings. Specifically, Plaintiff alleges that Mr. Hill failed to pay her a $50,000 equalization payment. Plaintiff also alleges that Mr. Hill did not disclose the value of certain properties, making the settlement agreement and stipulated judgment unfair. Plaintiff seeks damages from the alleged breach of contract and alleged fraud and also seeks a judgment declaring the stipulated judgment to be void and subject to rescission by Plaintiff.

Plaintiff's claims are barred by the Rooker-Feldman doctrine to the extent that Plaintiff seeks to set aside the state court judgment. This court lacks subject matter jurisdiction to void any of the decisions or judgments entered in the state court action. Under the Rooker-Feldman doctrine, federal courts are barred from hearing de facto appeals from state-court judgments. Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Simply stated, a United States District Court lacks the authority to disrupt or "undo" a decision of a state court, regardless of whether the state court's decision was correct or whether the state court fully and fairly adjudicated the claim. Id. at 898-900.

The Court also lacks subject matter jurisdiction over this action under the "domestic relations exception," which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). In McLaughlin v. Cotner, 193 F.3d 410 (6th Cir. 1999), the Sixth Circuit held that the district court lacked jurisdiction under the "domestic relations exception" to hear a dispute regarding a claim for damages based on a breach of a separation agreement. The Sixth Circuit explained that because the separation agreement was incorporated into the divorce decree, the suit was seeking a declaration of rights and obligations arising from marital

status. Id. at 414. Similarly, here, the terms of the settlement agreement were incorporated into the stipulated judgment. Furthermore, the stipulated judgment specifically provides that the state court reserves jurisdiction to supervise the payment of any obligation ordered paid or allocated in the stipulated judgment.

III. Striking Portion of Complaint

Plaintiff has made irrelevant and scandalous allegations regarding Mr. Hill on page 4 of the Complaint. The Court orders page 4 of the Complaint to be stricken.

IV. Motion for Appointment of Counsel

In light of the dismissal of this action, Plaintiff's motion for appointment of counsel is denied as moot.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is **GRANTED**, her motion for appointment of counsel is **DENIED**, the Complaint is **DISMISSED**, and page 4 of the Complaint is ordered **STRICKEN**. The Clerk shall enter judgment dismissing this action.

**IT IS SO ORDERED.**

DATED: October 9, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court